**Mail body:**

---

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
DARNASIA BROWN,
Plaintiff,
v.
OFFICER BIRCH, individually and in her official capacity,
LUTI VINCA, individually and in his official capacity,
MONICA POZELLA, individually and in her official capacity,
MELISSA KUMAR, individually and in her official capacity,
nicole vega, individually and in her official capacity,
Defendants.

COMPLAINT

I. NATURE OF THE ACTION

This is a civil rights action under 42 U.S.C. § 1983 arising from Defendants' misuse of state authority to:
retaliate against Plaintiff for declining voluntary government services,
misrepresent the procedural status of a closed case,
escalate to court without lawful basis,
and remove Plaintiff's child under circumstances lacking clear factual justification.
Plaintiff further alleges that, after removal, Defendants failed to address serious medical concerns, including:
unexplained respiratory issues,
physical injuries,
and a three-month delay in dental care,
followed by an alleged emergency procedure that was canceled as too dangerous due to respiratory condition.

II. PARTIES

MAY 5 2026 PM3:08
FILED-USDC-CT-NEW HAVEN

Plaintiff Darnasia Brown is the biological mother and primary caregiver of Nova.

Defendant Nicole Vega was the DCF social worker assigned during court involvement and removal.

Defendant Luti Vinca was Vega's supervisor and participated in enforcement and escalation decisions.

Defendant Monica Pozella authorized escalation to court and participated in petition filing.

Defendant Melissa Kumar was the investigator who initiated the case and later participated in petition filing and testimony.

Defendant Officer Birch made the initial referral and attributed statements to Plaintiff that Plaintiff denies making.

III. FACTUAL ALLEGATIONS

A. Investigation Phase and Closure

In December 2024, Defendant Kumar initiated an investigation.

During that investigation, Kumar stated that if Plaintiff did not allow entry, it could be considered "noncompliance" and reported to court, potentially leading to foster care.

Plaintiff allowed limited engagement. The investigation was closed January 15, 2025, with an unsubstantiated letter dated February 3, 2025.

No DCF contact occurred throughout the end of January and February 2025 until February,21 2025

On February 21, 2025, Defendant Pozella reinitiated contact and stated that:

Plaintiff must complete a mental health evaluation,

or the matter would be taken to court.

No new allegations or incidents involving harm to the child were identified at that time only demands of an evaluation

C. Escalation to Court and Misrepresentation

In April 2025, Defendants Pozella and Kumar signed and filed a neglect petition.

During court proceedings, Defendants— including Vega, Kumar, and Pozella— represented that the case was "ongoing,"

despite the prior unsubstantiated closure and verbal and text communications. Plaintiff repeatedly disputed this characterization.

D. Conduct of Defendant Vega and Vinca

Defendant Vega conducted repeated home visits, entering based on the father's consent, and:

followed Plaintiff around the home,

engaged in unwanted interaction after consent was revoked,

made threatening statements regarding court reporting.Vega also represented during the first interaction that neglect petitions had already been filed as of April 8, 2025.

Defendant Vinca:

appeared at the home,

threatened to report Plaintiff as noncompliant,

made coercive statements regarding control and compliance.

E. Removal of Child

On December 12, 2025, Defendant Vega, acting with law enforcement presence, removed the child.

Vega stated she had a court order but could not explain the basis for removal when asked.

Defendant Vinca authorized or supervised this action.

F. Post-Removal Medical and Safety Concerns

After removal, Plaintiff observed the following conditions during visits:

respiratory distress not previously present,

limping,

burn mark on child's hand,knot on forehead,marks on face, and repeated strong cigarette odor.

Plaintiff repeatedly asked Defendant Vega about these issues.

Vega:

refused to provide explanations,

redirected Plaintiff to "focus on the visit,"

and threatened to report Plaintiff or cancel visits when questions were raised.

G. Dental Delay and False Emergency

Defendants cited dental issues as a justification for intervention.

However:

it took approximately three months to schedule a dental appointment,

Defendants later claimed an "emergency dental condition."

On March 31, 2026, Vega stated the child's cheeks were infected.

A dental provider later stated this was inaccurate and that the issue was limited to a single tooth. On April 1, 2026, Plaintiff observed no visible signs of facial swelling or distress, and the child appeared to be eating and acting normally.

On April 8, 2026, Defendants arranged an alleged emergency procedure.

Plaintiff was not informed or allowed to participate.

Defendants controlled access and excluded Plaintiff from decision-making.

The procedure was canceled by medical staff, who stated it was:

"too dangerous to perform" due to the child's respiratory condition.

H. Court Irregularities

Plaintiff was denied a 10 day hearing after removal.

A mistrial occurred on October 15, 2025 without Plaintiff's presence or notice.

During trial, the judge:

answered questions on behalf of DCF during cross-examination,

and allowed proceedings to continue for approximately one year based on disputed representations.

CONSOLIDATION OF PROCEEDINGS AND PROCEDURAL DELAY

Plaintiff alleges that the Court indicated that the Order of Temporary Custody (OTC), neglect petition, and adjudicatory proceedings would be addressed in a consolidated trial structure beginning in or around March 2026.

Plaintiff contends that this consolidation resulted in the failure to timely adjudicate whether exigent circumstances existed at the time of removal prior to continued deprivation of custody, thereby delaying meaningful judicial review of the emergency seizure.

ICWA NOTICE AND COMPLIANCE

Plaintiff alleges that she informed Defendants and the Court on or about December 16, 2025, that she and/or the minor child have Native American heritage.

Plaintiff further alleges that despite this notice, no documentation confirming compliance with the Indian Child Welfare Act (ICWA), tribal notification, or eligibility determination has been provided.

Plaintiff contends that continued proceedings without verified ICWA compliance constitute a failure to follow required federal procedural safeguards.

COMPETENCY EVALUATION ISSUE

Plaintiff alleges that the Court referenced ordering a competency evaluation despite no prior finding, record, or testimony establishing that Plaintiff was unable to understand the proceedings.

Plaintiff further alleges she objected to such evaluation and requested transcript support or evidentiary basis for any claim of incompetency, which was not provided.

COUNT I — FIRST AMENDMENT RETALIATION

Plaintiff engaged in protected activity by:

declining voluntary services,

objecting to DCF conduct.

Defendants retaliated as follows:

Pozella: threatened court action after refusal of services

Kumar: initiated coercive investigation threats and later participated in petition

Vega: threatened reports, cancellation of visits, and escalated enforcement

Vinca: reinforced threats and compliance pressure

COUNT II — FOURTH AMENDMENT (AS TO VEGA & VINCA)

Plaintiff challenges the execution and basis of the removal, including:

lack of explanation at time of removal,

inability to identify immediate risk,

reliance on disputed and previously closed allegations.

Defendant Vega carried out the removal; Defendant Vinca authorized/supervised it.

COUNT III — FOURTEENTH AMENDMENT
(DUE PROCESS)
Defendants deprived Plaintiff of fair process by:
Misrepresenting the case as ongoing
Proceeding for approximately one year under
disputed facts
Denying meaningful participation in medical
decisions
Failing to address known health issues
All Defendants contributed to procedural
deprivation through their roles in investigation,
petitioning, testimony, and enforcement.
REQUEST FOR RELIEF
Plaintiff respectfully requests:
Immediate return of the child to Plaintiff
A court order requiring an independent medical
evaluation by a non-DCF-affiliated physician
Injunctive relief prohibiting further coercive or
retaliatory conduct
Declaratory judgment that Plaintiff's and minor
child's rights were violated
Plaintiff respectfully requests that the Court
award compensatory damages for the violation
of Plaintiff's constitutional rights under 42
U.S.C. § 1983, including damages arising from
unlawful removal, continued separation, and
interference with Plaintiff's parental rights.
Plaintiff further requests punitive damages
against individual Defendants in their personal
capacities for conduct that was willful,
retaliatory, and undertaken under color of law in
disregard of Plaintiff's constitutional rights.
Plaintiff also requests such other monetary
relief as the Court deems just and proper.

DARNASIA BROWN

5/5/26